IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| WAYNE W. A. MEYER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.16-2411-KGG |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Defendants, ) | |
| _____ ) | |

## ORDER ON DEFENDANT'S MOTION TO COMPEL

Now before the Court is Plaintiff's Motion to Compel.  (Doc. 23.)  For the reasons set forth below, Plaintiff's motion is **GRANTED**.

## BACKGROUND

The present lawsuit results from an automobile collision in which a driver for the United States Postal Service, Anthony Pippins, is alleged to have rear-ended the vehicle operated by Plaintiff, causing injury to Plaintiff.  (*See generally*, Doc. 1.)  Pippins is alleged to have been issued a citation for failing to control speed to avoid a collision.  (*Id*., at 3.)  The present motion relates to Defendant's objections to certain of Plaintiff's discovery responses.

## DISCUSSION

Fed.R.Civ.P. 26(b) states that

> [p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at state in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.  Information within this scope of discovery need not be admissible in evidence to be discoverable.

As such, the requested information must be both nonprivileged and relevant to be discoverable.  Within this framework, the Court will review the contested discovery responses.

**A.    Conditional Objections.**

Plaintiff argues that Defendant's objections to Interrogatories Nos. 3-11, 14, and 16,[1] and Requests Nos. 4 and 5 are conditional in nature and, therefore, waived.  Defendant objected to Plaintiff's Request No. 4 "to the extent it seeks information that is protected by the provisions of the Privacy Act, 5 U.S.C. § 552a, disclosure of which could be determined to be violative of the right to privacy by individuals who are not a party hereto."  Defendant then identified certain documents "[s]ubject to the foregoing objection, without waiving same . . . ."

---

[1] Plaintiff mistakenly numbered two interrogatories as "6."  (*See* Doc. 25, at 5-6.) For purposes of this motion, the Court's analysis relates to the second of these two interrogatories (requesting identifying information as to Anthony Pippins).

2

(Doc. 25, at 11-12.)  Defendant's response to Request No. 5 is similar, although Defendant indicates it has no responsive documents, subject to the stated objection. (*Id*., at 12.)  Defendant's responses to Interrogatories Nos. 3-11, 14, and 16 all include (or incorporate prior) objections followed by a response that is "[s]ubject to the foregoing objections, without waiving the same . . . ."  (Doc. 25, at 3-9.)

This Court has specifically indicated its disapproval of "conditional" discovery responses.

> Such responses occur when 'a party asserts objections, but then provides a response 'subject to' or 'without waiving' the stated objections.' **Westlake v. BMO Harris Bank N.A.**, 2014 WL 1012669, *3 (D.Kan. March 17, 2014) (citing **Sprint Comm'n Co., L.P. v. Comcast Cable Comm'n, LLC**, Nos. 11–2684–JWL, 11–2685–JWL, 11–2686–JWL, 2014 WL 54544, *2, 3 (D.Kan. Feb. 11, 2014).  The Court is in agreement with the Sprint decision that found such conditional responses to be 'invalid,' 'unsustainable,' and to 'violate common sense.'  2014 WL 54544, *2, 3.

**Everlast World's Boxing Headquarters Corp. v. Ringside, Inc.**, No. 13-2150-CM-KGG, 2014 WL 2815515, at *3 (D. Kan. June 23, 2014).

In **Everlast**, the undersigned Magistrate Judge found all such conditional responses to be improper and directed the responding party to provide supplemental responses without such language.  *Id*.  The same is ordered of Defendants herein.  Defendant's conditional objections are **overruled**.  Defendant

3

is directed to provide supplemental responses removing the conditional objections. Further, any documents withheld on the basis of a privilege or the work product doctrine must be included in a privilege log.

**B.      Waiver of the Work Product Doctrine and Attorney-Client Privilege.**

Plaintiff next argues that it is inappropriate for Defendant to rely on work product doctrine and/or attorney-client privilege objections as to Interrogatories 3-6. The Court will review each of these interrogatories individually.

Interrogatory No. 3 asks Defendant to "[i]dentify all statements . . . obtained from any party to this action . . . ." (Doc. 25, at 3-4.) As Plaintiff contends, "[t]he interrogatory does not inquire into the content of the statement, but seeks to determine whether such a statement exists." (Doc. 24, at 3.) The Court agrees and **overrules** the objection as to Interrogatory No. 3.

Similarly, Interrogatory No. 4 ask that "each photograph, motion picture, or videotape" regarding the lawsuit be identified. (Doc. 25, at 4.) The interrogatory only seeks to determine the existence of the documents. Such information is not privileged or protected from disclosure. Further, "Defendant did not produce a privilege log or describe the nature of the documents, communications, or tangible things not produced or disclosed in a manner that enables plaintiff to assess the claim, as required by Fed.R.Civ.P. 26(b)(5)(A)." (Doc. 24, at 3.) As such, the

objection is **overruled** as to Interrogatory No. 4.

Interrogatory No. 5 asks if Defendant claims "that the cause or negligence or fault of any other person caused or contributed" to the subject accident. (*Id*., at 5.) Defendant objects to this interrogatory "to the extent it seeks disclosure of the mental impressions, conclusions, opinions, legal research and legal theories of counsel, and to the extent it seeks the manner or method of proof at trial." (Doc. 25, at 5.) Although it is not specifically stated as such, the Court will treat this as a work product objection for the purposes of this motion.

Even so, as Plaintiff correctly argues, Defendant "has failed to show how answering this interrogatory would reveal the mental impressions, conclusions, opinions, or legal theories of its counsel." (Doc. 24, at 3.)

> Fed.R.Civ.P. 33(a)(2) specifically allows for contention interrogatories and provides that an interrogatory 'may relate to any matter that may be inquired into under Fed.R.Civ.P. 26(b). An interrogatory is not objectionable merely because it asks for an opinion or contention that relates to fact or the application of law to fact....' This has been the law in federal court for forty-five years now, i.e., the 1970 Advisory Committee Notes make clear that an interrogatory 'is not objectionable merely because it calls for an opinion or contention that relates to fact or the application of law to fact.'

*Alexander v. BF Labs Inc.*, No. 14-2159-KHV, 2015 WL 4463634, at *3 (D. Kan. July 21, 2015). The Court **overrules** Defendant's objection as to Interrogatory No.

5

5.

Interrogatory No. 6 asks for general identifying information regarding Anthony Pippins (full name, date of birth, license number, issuing state, and last four digits of his Social Security number).[2] (*Id*., at 6.) The Court is at a loss to see how this information could possibly be "protected from disclosure under the attorney-client privilege" as alleged by Defendant. This objection is **overruled**.

The portion of Plaintiff's motion relating to the waiver of the work product doctrine and/or attorney-client privilege as to Interrogatories Nos. 3, 4, 5, and 6 is **GRANTED** as the Court has overruled all of these objections. Defendant is ordered to provide a supplemental responses, without such objections.

**C.    Privacy Act Objection.**

In response to Interrogatory No. 6 (seeking identifying information regarding Anthony Pippins),[3] Request No. 4 (complaints and discipline of Pippins

---

[2] Plaintiff's discovery requests include two interrogatories designated "6." (*See* Doc. 25, at 5-6.) The second of these interrogatories contains the objection at issue.

[3] The parties' briefing regarding the Privacy Act objection is confusing, to say the least. Plaintiff's motion refers to Interrogatory No. 7, which the Court assumes is a clerical error as Defendant's response to Interrogatory No. 7 contains no Privacy Act objection. Defendant's response to the second of the interrogatories designated by Plaintiff as "6." does, however, include such an objection. (See Doc. 25, at 6.) Also, Defendant's responsive memoranda state that '[t]he information requested by Plaintiff in Interrogatories 6, 7, 9, and 16, as well as . . . Request for Production 4 is information covered by the Privacy Act.' (Doc. 28, at 5.) That stated, Defendant did not raise a Privacy Act objection in its initial responses to Interrogatories Nos. 7, 9, or 16. (See Doc.

by the Postal Service), and Request No. 5 (Pippins certificates of physical qualifications and reports of physical examinations), Defendant objects "to the extent it seeks information protected from disclosure under the provisions of the Privacy Act, 5 U.S.C. § 552a, disclosure of which could be determined to be violative of the right to privacy by individuals who are not a party hereto."

The "Privacy Act" cited by Defendant is part of the Freedom of Information Act ("the FOIA"), which is found at 5 U.S.C. §552.  The FOIA "requires federal agencies to make Government records available to the public, subject to nine exemptions for specific categories of material." ***Milner v. Dep't of Navy***, 562 U.S. 562, 564, 131 S.Ct. 1259, 179 L.Ed.2d 268 (2011).  The Privacy Act provides for a private cause of action by an individual against a government agency when the agency has improperly disclosed records pertaining to that individual.  5 U.S.C. § 552a; ***Georgacarakos v. Wiley***, 07-1712-MSK-MEH, 2009 WL 1194155, at *5 (D. Colo. April 30, 2009); ***Lee v. Dep't of Justice***, 413 F.3d 53, 55 (D.C.Cir.2005).

Exemption 6 to the FOIA protects "personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy."  5 U.S.C. §552(b)(6).  The FOIA

---

25, at 6, 7, 9.)  As such, the Privacy Act objection is **waived** as to Interrogatories Nos. 7, 9, and 16.  (Doc. 25, at 6, 11-12.)  The objections are also **overruled** on substantive grounds, as discussed herein.

> '. . . is to be broadly construed in favor of disclosure, and its exemptions are to be narrowly construed.' ***Audubon Soc'y v. U.S. Forest Serv.***, 104 F.3d 1201, 1203 (10th Cir. 1997).  'The government bears the burden of demonstrating the requested records fall within one of FOIA's enumerated exemptions....' ***Prison Legal News v. Executive Office for U.S. Attorneys***, 628 F.3d 1243, 1247 (10th Cir. 2011).

***Brown v. Perez***, 835 F.3d 1223, 1229 (10th Cir. 2016)

Unfortunately for Defendant, however, the Privacy Act does not serve as a valid basis for an objection to the production of information requested in discovery.

> While some courts have found that the applicability of the Privacy Act to certain discovery materials is a relevant factor for the court to consider when evaluating whether to permit discovery, it is also clear that 'the Privacy Act was not intended to serve as a limiting amendment . . . to the Federal Rules of Civil Procedure.' In fact, this court typically approves protective orders directing the release of information coming within the protections of the Privacy Act.

***S.E.C. v. Kovzan***, No. 11-2017-JWL, 2013 WL 647300, at *5 (D. Kan. Feb. 21, 2013) (internal citations omitted).  To the extent Defendant "is concerned about the privacy rights of its employees, it may designate this information as 'confidential'" under a protective order.  (*Id.*)

Defendant argues that "[p]ermitting discovery of personal information simply because a person may be a witness in a case does not meet the standard set

8

out in the Privacy Act for disclosure." (Doc. 28, at 6.) Even assuming *arguendo* that the documents at issue fall

> under the provisions of the Privacy Act, this does not require [the requesting party] to present a higher showing than that required by the Federal Rules of Civil Procedure. *See* **Bosaw v. National Treasury Employees' Union**, 887 F.Supp. 1199, 1216 (S.D. Ind.1995). Rather, 'a party can invoke discovery of materials protected by the Privacy Act through the normal discovery process and according to the usual discovery standards, and the test of discoverability is the relevance standard of Rule 26(b)(1) of the FRCP.' **Bosaw v. Nat. Treas. Emp. Union**, 887 F.Supp. 1199, 1216 (quoting **Laxalt v. McClatchy**, 809 F.2d 885, 889 (D.C.Cir. 1987)).

**Estate of Collins v. United States**, 2010 WL 11431844, at *2 (D. Wyo. Dec. 8, 2010).

Further, although not a named Defendant in this case, Pippins is more than a mere witness. His actions are imputed to the Defendant for purposes of Plaintiff's claims. The information requested is not only relevant to this action, it is potentially essential. As such, Defendant's Privacy Act objections are **overruled** and this portion of Plaintiff's motion is **GRANTED**. The parties are, however, encouraged to address any such privacy concerns through a Protective Order.

**D.    Relevance.**

Interrogatory No. 7 asks whether Pippins has pled guilty to or been convicted of a misdemeanor or felony. (Doc. 25, at 6.) Interrogatory No. 11 asks

9

whether Pippins consumed "any alcoholic beverage of any type" or took certain types of drugs or medications within 12 hours preceding the accident at issue. (*Id*., at 7.) Defendant argues that this information is irrelevant because Plaintiff "did not file a negligent hiring claim or negligent retention claim or a claim of negligence in driving." (Doc. 28, at 6-7.) Defendant is clearly mistaken.

Plaintiff's Complaint includes specific allegations that Defendant, via Pippin's actions, "fail[ed] to control speed to avoid a collision," engaged in "inattentive driving," and was "driving at a speed excessive for the conditions." (Doc. 1, at 3.) These allegations are unequivocally those of "negligence in driving." Given the broad scope of discovery, the Court **overrules** Defendant's relevance objection as to Interrogatories Nos. 7 and 11 and **GRANTS** Plaintiff's motion as to Interrogatories Nos. 7 and 11.

**E.     Sanctions.**

Fed.R.Civ.P. 37(a) provides that if a motion to compel is granted, or if the discovery is provided after the motion is filed,

> the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the court must not order this payment if:
>
> (I) the movant filed the motion before attempting

>> in good faith to obtain the disclosure or discovery without court action;
>
> (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or
>
> (iii) other circumstances make an award of expenses unjust.

This rule applies here.  Given the analysis of Defendant's objections contained herein, the Court finds that Defendant's "nondisclosure, response or objection" to virtually all of the discovery requests at issue herein to be without justification. The Court orders Defendant to pay Plaintiff the "reasonable expenses incurred" in prosecuting this motion to compel, "including attorney's fees." Fed.R.Civ.P. 37(a)(5).  The parties will confer concerning that amount consistent with this Court's procedure for awarding statutory fees specified in D. Kan. Rule 54.2.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Compel (Doc. 23) is **GRANTED**.  Supplemental responses shall be served on or before **March , 2017**.

**IT IS SO ORDERED**.

Dated at Wichita, Kansas, on this 24th day of February, 2017.

                         S/ KENNETH G. GALE
                         KENNETH G. GALE
                         United States Magistrate Judge